UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARION GRISELDA BENJAMIN, <br> Plaintiff, <br> v. <br> UNITED STATES DEPARTMENT OF STATE, et al., <br> Defendants. | Case No. 17-cv-03587-LB <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: ECF No. 20 |

# INTRODUCTION

Marion Benjamin, a citizen and resident of Sierra Leone, challenges the government's decision to deny her a visa allowing her to immigrate to the United States. In 2015, the government denied Ms. Benjamin's visa application because its records indicated that she had previously been involved in alien smuggling, in violation of Immigration and Nationality Act ("INA") § 212(a)(6)(E)(i) (codified at 8 U.S.C. § 1182(a)(6)(E)(i)).

Ms. Benjamin had been an employee at the United States Embassy in Freetown, Sierra Leone and had been terminated in 1995 for allegedly being involved in a marriage-fraud ring to bring individuals into the United States. Ms. Benjamin claims that these allegations are false and that the Embassy never told her about them (and instead gave her another, less serious reason for her termination). Ms. Benjamin claims the Embassy's failure to fully disclose the basis for her termination prevented her from rebutting the allegations of alien smuggling.

ORDER – No. 17-cv-03587-LB

Ms. Benjamin brings claims for defamation, intentional infliction of emotional distress, and abuse of process. She seeks damages and injunctive relief, namely, to compel the government to provide her a visa to immigrate to the United States.

The court finds that it lacks subject-matter jurisdiction over Ms. Benjamin's claims. Consequently, the court grants the defendants' motion to dismiss.

## STATEMENT[1]

Ms. Benjamin was an employee of the United States Embassy in Freetown, Sierra Leone in 1995.[2] On June 23, 1995, Ms. Benjamin received an "official letter of suspension with pay."[3] On July 3, 1995, Ms. Benjamin received a memorandum of termination.[4] The memorandum explained that she had been terminated for "'[d]eliberate dishonesty in official matters.'"[5] In the memorandum, Ms. Benjamin was "advised of her right to appeal the decision within five working days."[6] On or about July 10, 1995, Ms. Benjamin appealed the decision for termination.[7] On July 11, 1995, the U.S. consulate denied the appeal.[8]

In 2013, Ms. Benjamin's son — a United States citizen — filed a Form I-130 Petition for Alien Relative on Ms. Benjamin's behalf to assist with her visa application and ultimately her immigration to the United States.[9] The petition was approved, and Ms. Benjamin subsequently filed an I-601 Application for Waiver of Grounds of Inadmissibility.[10]

---

[1] Unless otherwise noted, the fact allegations in the Statement are from the Complaint.
[2] Compl. – ECF No. 30 at 3 (¶ 2).
[3] *Id.* at 3 (¶ 4).
[4] *Id.* at 3 (¶ 5).
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3 (¶ 6).
[8] *Id.*
[9] *Id.* at 2 (¶ 1).
[10] *Id.*

In 2015, the U.S. Department of Homeland Security ("DHS") denied Ms. Benjamin's application on the basis that she "was ineligible for a waiver."[11] DHS stated that records it received from the Consular office in Sierra Leone showed that Ms. Benjamin previously had been denied a nonimmigrant visa due to INA § 212(a)(6)(E)(i) alien-smuggling inadmissibility.[12] The previous denial was based on allegations that, "while an employee of the US Embassy in Freetown, Sierra Leone . . . [Ms. Benjamin] specifically knowingly encouraged, induced, assisted, abetted, or aided a marriage fraud ring to bring individuals into the US in violation of the law."[13] An alien-smuggling charge renders an alien inadmissible to the United States.[14]

Ms. Benjamin alleges that neither the termination letter nor the appeal-denial letter in 1995 mentioned that her termination from employment at the Embassy was based on allegations of "'alien smuggling' or a violation of 'INA § 212(a)(6)[(]E[)](i).'"[15] She claims the Embassy withheld the alien-smuggling allegation in her notice of termination and entered it into her permanent employee records without notifying her, causing her to be permanently inadmissible to the United States.[16] Ms. Benjamin argues these claims are unfounded accusations and that the Embassy's failure to notify her violated her due-process rights by depriving her of the opportunity to "address the serious issue of alien smuggling."[17]

## GOVERNING LAW

The defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1).

---

[11] *Id.* at 2 (¶ 2).

[12] *Id*.

[13] *Id*. at 3 (¶ 2).

[14] *See* 8 U.S.C. § 1182(a)(6)(E)(i).

[15] Compl. – ECF No. 30 at 3 (¶ ¶ 5 – 6).

[16] *Id*. at 3 (¶ 6). It is not entirely clear whether Ms. Benjamin alleges that she was never informed of the alien-smuggling allegations, or only that she was not informed of the allegations *in connection with her termination in 1995* (but was informed at some other point before 2015, such as in connection with a prior visa application and refusal). *See id.* at 2–3 (¶¶ 2–3, 6). In the end, this distinction does not make a difference to the legal analysis in this case.

[17] *Id*. at 3-4 (¶ 6).

A complaint must contain a short and plain statement of the ground for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

A defendant's Rule 12(b)(1) jurisdictional attack can be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). This is a facial attack. The court thus "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Standing pertains to the court's subject-matter jurisdiction and thus is properly raised in a Rule 12(b)(1) motion to dismiss. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010).

## ANALYSIS

Ms. Benjamin brings claims for defamation, intentional infliction of emotional distress, and abuse of process against the federal government and seeks damages and injunctive relief. Her core grievance is that the government violated due process when the U.S. Embassy terminated her. The claims fail because the government has sovereign immunity and, to the extent that Ms. Benjamin's claims are based on the government's decision to deny her a visa, she lacks standing, and the doctrine of consular nonreviewability bars her claims.

### 1. The Government Has Sovereign Immunity

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell*,

ORDER – No. 17-cv-03587-LB    4

445 U.S. 535, 538 (1980)). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Id*. (quoting *Mitchell*, 445 U.S. at 538). The United States's sovereign immunity also extends to agencies and officers of the Unites States acting in their official capacity. *Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003).

Ms. Benjamin seeks monetary damages for her defamation, intentional infliction of emotional distress, and abuse of process claims.[18] All of these claims are tort claims. The Federal Tort Claims Act ("FTCA") waives of sovereign immunity for a limited range of tort claims. Under the FTCA, federal district courts have "exclusive jurisdiction" to decide claims "for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C § 1346(b)(1).

The FTCA explicitly excludes some intentional torts from its limited waiver of sovereign immunity, including claims for defamation or abuse of process. 28 U.S.C. § 2680(h). And Ms. Benjamin has identified no other waiver to the United States's sovereign immunity with respect to her first and third claims.

The FTCA does not explicitly exclude claims for intentional infliction of emotional distress from its limited waiver of sovereign immunity. Ms. Benjamin's claim for intentional infliction of emotional distress, however, is rooted in an alleged violation of due process in her employment termination. In support of the claim, she simply states that she "was denied due process in defending against false allegations thereby denying her due process to confront and refute [the] allegations."[19] "[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations." *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *accord, e.g.*, *Dhingra v. United States*, No. C 16-03803 SBA, 2016 WL 5394117, at *2 (N.D. Cal. Sept. 27, 2016). A plaintiff cannot "transplant a remedy for constitutional violations into the FTCA and thereby attempt to avoid the barrier of sovereign immunity." *Thomas-Lazear*, 851 F.2d at 1207.

---

[18] *See* Compl. – ECF No. 30 at 6 (¶ 18).

[19] *Id.* at 4 (¶ 11).

ORDER – No. 17-cv-03587-LB 5

Ms. Benjamin also seeks injunctive relief: she wants to compel the government to provide her a visa and let her immigrate to the United States.[20] She identifies no exception to the government's sovereign immunity with respect to her injunctive claim, however.[21]

Accordingly, this court lacks jurisdiction because the federal government has not waived its sovereign immunity with respect to any of Ms. Benjamin's claims.

## 2. To the Extent That Ms. Benjamin's Claims Are Based on the Government's Decision to Deny Her a Visa, (1) She Lacks Standing and (2) The Doctrine of Consular Nonreviewability Bars Her Claims

Ms. Benjamin's claim for injunctive relief to obtain a visa to enter the United States also fails because she has no standing as an unadmitted, nonresident alien to such relief. The claim is also precluded by the doctrine of consular nonreviewability.

### 2.1 Ms. Benjamin Lacks Standing

Federal-court jurisdiction extends only to "cases" and "controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To show injury in fact the plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized." *Lujan*, 504 U.S. at 560–61 (1992). "Even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Here, to the extent that Ms. Benjamin's claims are based on the government's decision to deny

---

[20] *See* Compl. – ECF No. 30 at 6 (¶¶ 17–18).

[21] The FTCA, even if it applied to any of Ms. Benjamin's claims, is only a limited waiver of the government's sovereign immunity for money damages, not injunctive relief. *See* 28 U.S.C § 1346(b)(1).

ORDER – No. 17-cv-03587-LB   6

her a visa,[22] they fail for lack of standing, as no invasion of a legally protected interest has occurred because unadmitted nonresident aliens have "no constitutional right of entry to this country as a nonimmigrant or otherwise." *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972); s*ee also Kerry v. Din*, 135 S. Ct. 2128, 2131 (2015) (plurality opinion) ("an unadmitted and nonresident alien . . . has no right of entry into the United States, and no cause of action to press in furtherance of h[er] claim for admission"). Without a legally-protected interest, Ms. Benjamin has no standing to challenge the denial of her visa or waiver application.

### 2.2 Ms. Benjamin's Claims Are Barred by the Doctrine of Consular Nonreviewability

Even if Ms. Benjamin had a legally protected interest, the doctrine of consular nonreviewability precludes jurisdiction. Congress has vested in the executive branch the exercise of its plenary power to make policies and rules regarding the entry of aliens into the United States. *Kleindienst*, 408 U.S. at 769–70. Courts will neither look behind denials based on a "facially legitimate and bona fide reason" nor balance the reason for denial against a claimed constitutional interest. *Id*.

Ms. Benjamin's claims, even framed as a due-process violation by the Embassy's failure to disclose the charge of alien smuggling, are essentially a request for this court to review the decision of a consular officer to deny her a visa. Whether framed as a challenge to a consulate's process leading to denial of visa or waiver application or a challenge to the ultimate decision to deny a visa, her claims still fail. *See Loza-Bedoya v. INS*, 410 F.2d 343, 347 (9th Cir. 1969) (court lacks jurisdiction to review consular decision to deny visa even where consulate was erroneously informed that alien was excludable); *accord, e.g.*, *Capistrano v. Dep't of State*, 267 F. App'x 593, 594–95 (9th Cir. 2008). Even where the procedure followed is erroneous, courts are "without jurisdiction to order an American consular officer to issue a visa to any alien whether excludable or not." *Loza-Bedoya*, 410 F.2d at 347. This court therefore lacks jurisdiction over Ms. Benjamin's claims.

---

[22] "Standing is not dispensed in gross. Rather, a plaintiff must demonstrate standing for each claim [s]he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (citations and internal quotation marks and brackets omitted).

ORDER – No. 17-cv-03587-LB 7

# CONCLUSION

The court grants the motion to dismiss and dismisses the complaint for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: March 2, 2018

_____
LAUREL BEELER
United States Magistrate Judge